IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEIFUDDIN MUMIN,
    **Plaintiff**

v.  :  CIVIL ACTION NO. 21-CV-2653

THE CITY OF PHILADELPHIA, *et al.*,
    **Defendants**

## MEMORANDUM

**PRATTER, J.**      JUNE 22, 2021

*Pro se* Plaintiff Seifuddin Mumin has filed this civil action against the City of Philadelphia, Sheriff Jewell Williams, Deputy Sheriff George Morse, and Iona Pauline LLC. Mr. Mumin seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Mumin leave to proceed *in forma pauperis* and dismiss the Complaint.

### I. BACKGROUND AND FACTUAL ALLEGATIONS

Mr. Mumin previously sued the defendants named here (plus one other) in 2019, *see Mu'min v. Morse*, Civ. A. No. 19-718 (E.D. Pa.). In that case, Mr. Mumin[1] alleged initially that he presented Defendant Williams with a UCC-1 filing along with a recorded deed for his property, but Defendant Morse posted his property for a sheriff's sale. *Mu'min v. Morse*, Civ. A. No. 19-718, 2019 WL 1003200, at *1 (E.D. Pa. Feb. 28, 2019). Because the initial complaint failed to properly allege a basis for the Court's jurisdiction and failed to comply with Federal Rule of Civil Procedure 8, the case was dismissed without prejudice and Mr. Mumin was granted leave to amend. *Id.*

---

[1] In the earlier case, Mr. Mumin spelled his name with an apostrophe, but did not do that here. The Court will use the spelling Mr. Mumin used on his current Complaint.

Mr. Mumin returned with an amended complaint in which he alleged civil rights violations under 42 U.S.C. § 1983. He asserted that he presented a tax payment on a property he owned in Philadelphia "by both cash and via United States Treasury (HJR 192) to the City of Philadelphia;" that he presented Defendant Williams a "26 page private formal notarized registered Statute Staple Security Instrument Legal Notice and Demand;" that his property has been sold at a Sheriff's sale to Inoa Paulino, LLC;[2] and that agents of Inoa Paulino, LLC, accompanied by Defendant Morse, broke down his door and ordered him to leave. *Mu'min v. Morse*, Civ. A. No. 19-718, 2019 WL 1514557, at *1 (E.D. Pa. Apr. 5, 2019). The Court dismissed the § 1983 claim against Inoa Paulino LLC because there was no plausible allegation that it was a "state actor" subject to liability under § 1983; and the claims against Williams and Morse were dismissed because Mr. Mumin failed to allege a plausible claim against them. The Court gave Mr. Mumin another opportunity to amend if he was able to cure the defects the Court identified. *Id.*

Mr. Mumin submitted a second amended complaint in which he alleged that his property at 1224 W. Luzerne St. in Philadelphia was sold in violation of his rights even though he had a UCC-1 on file listing the property as collateral. *Mu'min v. Morse*, Civ. A. No. 19-718, 2020 WL 3051205, at *1 (E.D. Pa. June 8, 2020). His allegations included one sentence as to Deputy Sheriff Morse: "Deputy Sheriff George Morse violated my God-given rights by breaking the door, changing the locks, stealing my private property and giving it to a person who bought the house on fraudulent documents, not signed by a judge." *Id.* While this claim survived § 1915 screening and was the sole claim served for a responsive pleading, it was later dismissed as

---

[2] Defendant Iona Pauline LLC was referred to as Inoa Paulino LLC in the prior case.

barred by the statute of limitation. *Mu'min v. Morse*, Civ. A. No. 19-718, 2020 WL 3051205, at *2 (E.D. Pa. June 8, 2020).

Returning to the allegations presented in this case, Mr. Mumin's Complaint in this civil action is difficult to piece together. As to the basis for his assertion of jurisdiction, Mr. Mumin alleged "I am a victim [sic] of a multitude of egregious-Constitutional-violation(s) via The Foreign Sovereign Immunities Act and the Treaties of Peace and Freinship [sic], which it is "Mandatory" that a(n)y & or all Corporation(s) must have Permission from the State Department to move against me in a(n)y Court, which I never recieved [sic] such NOTICE." (ECF No. 2 at 2 (capitalization in original).)[3] He states the events giving rise to his claim occurred on December 6, 2018 and February 25, 2019. (*Id.* at 3.) He also asserts that he is an "Indigenous-Native to this Land" and "that all natives are 'exempt' from taxes" and that the Defendants "in synchronicity-systematically conspired to steal my Said property under the guise of fraudulent-Statutes of State-Court proceedings." (*Id.*) He alleges the "Sherriff [sic] and his Deputies" – presumably Defendants Williams and Morse – violated my "'Notice and Demand' on Record in State Court . . . listed Defendants are liable Civilly & Criminally." (*Id.*) He alleges the defendants' actions caused him mental anguish for which he seeks money damages and the return of his property at 1224 West Luzerne Street. (*Id.* at 4.)

Attached to the Complaint is a multi-page exhibit entitled "Aboriginal Consular Court de jure judicial notice" and other exhibits suggesting that Mr. Mumin is an adherent of the "sovereign citizen" movement. (ECF Nos. 2-1, 2-2.) Nothing in these documents, however, shed light on whatever claim he may have against the named defendants.

---

[3] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court grants Mr. Mumin leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, requiring the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Mumin is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Mr. Mumin's pleading and attachments do not state a legal basis for a plausible claim. In addition to statements of legal fictions and sovereign citizen verbiage, with respect to the rest of his submission Mr. Mumin asserts no facts to demonstrate any viable cause of action. "[L]egal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement" is nothing more than a nullity. *See United States v. Wunder*, Civ. A. No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *United States v. Crawford*, Civ. A. No. 19-15776, 2019 WL 5677750, at *1 (D.N.J. Nov. 1, 2019) (holding that criminal defendant's attempt to use fake UCC financing statements against prosecutor was a legal nullity); *Banks v. Florida*, Civ. A. No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and

stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars").

To the extent Mr. Mumin may be asserting constitutional claims under § 1983 against the City of Philadelphia, Sheriff Williams, Deputy Sheriff Morse, and Iona Paulino LLC based on the sheriff's sale of his property, the claims are still not plausible. First, the claims against Sheriff Williams, Deputy Sheriff Morse and Iona Pauline LLC were already asserted by Mr. Mumin and dismissed with prejudice in Civil Action 19-718. They are now barred by the doctrine of claim preclusion. *Whole Woman's Health v. Hellerstedt*, ___ U.S. ___, 136 S.Ct. 2292, 2305 (2016), as revised (June 27, 2016) (stating that claim preclusion prohibits "'successive litigation of the very same claim' by the same parties" (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001))); *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 157-58 (3d Cir. 2001) (claim preclusion or *res judicata* "is designed to avoid piecemeal litigation of claims arising from the same events."). Second, the claims would be untimely on their face since Mr. Mumin asserts the events giving rise to them occurred no later than February 25, 2019. This case was not filed until June 9, 2021. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (holding that the timeliness of a § 1983 claim in Pennsylvania is governed by the two-year limitations period applicable to personal injury actions (citing 42 Pa. Cons. Stat. § 5524(2))); *see also Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (stating that a "complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint.").

Third, even if these claims were not barred by the doctrine of claims exclusion and the statute of limitation, Mr. Mumin has failed to allege any actions by Sheriff Williams or Deputy

5

Sheriff Morse that they undertook personally to violate his constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (stating that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable). Also, as was previously explained to Mr. Mumin, a private entity like Iona Pauline LLC is not a "state actor" liable under § 1983. *Mu'min v. Morse*, Civ. A. No. 19-718, 2019 WL 1514557, at *1 (E.D. Pa. Apr. 5, 2019). Finally, to the extent Mr. Mumin seeks to raise a claim against the City, it too is implausible. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). Mr. Mumin has not done so.

For these reasons, the motion to proceed *in forma pauperis* will be granted and the Complaint will be dismissed in its entirety. Because any attempt to amend the claims would prove futile, the dismissal will be with prejudice.

**BY THE COURT:**

_____
**GENE E.K. PRATTER, J.**